UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 19-20613

CHANTEZ SWOOPE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

        Defendant Chantez Maurice Swoope pled guilty to conspiracy to possess with intent to distribute and distribution of controlled substances, 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 32.) On May 25, 2021, the court sentenced him to 120 months imprisonment. (ECT. No. 52, PageID.185-191.) Defendant, who has served under two years of his sentence (*see* ECF No. 57, PageID.330)*,* moves for compassionate release. (ECF No. 54.) He argues that his health issues and the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FCI Hazelton justify his immediate release. The matter has been thoroughly briefed. (ECF Nos. 54, 57, 59.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

        Under the federal compassionate release statute, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors

provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111. A prisoner seeking compassionate release must still present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his or her favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant, who is fifty-one years old, argues that his "extremely serious medical conditions and the circumstances of his confinement and inability of the prison to provide necessary care for [his] illnesses constitute an extraordinary and compelling reason warranting relief without regard to whether or not Defendant is susceptible to contracting the COVID-19 virus." (ECF No. 54, PageID.216.) Specifically, he cites medical records showing that he suffers from chronic high blood pressure, "infarction of heart tissues resulting in blockage of arteries, Stage 3 kidney disease and gout" and his recent hospitalization (*Id.*) Defendant acknowledges that COVID-19 on its own does not

constitute an extraordinary and compelling reason for early release. (*Id.*, PageID.218 (citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).) But he argues that his severe comorbidities mean that FCI Hazelton would be unable to provide "necessary care" if he did contract the disease. (*Id.*, PageID.218-19.)

Reviewing the medical records provided, the court is skeptical that Defendant's medical conditions, combined with his risk of contracting COVID-19 and developing rare complications, present an extraordinary and compelling reason for early release. But for the purposes of this motion, the court will assume, arguendo, that he has presented extraordinary and compelling circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). However, upon a review of § 3553(a) sentencing factors, the court concludes early release is not warranted.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant was involved in a large-scale cocaine trafficking conspiracy with direct ties to Mexico. In May 2017, Defendant committed the instant drug trafficking offense when he attempted to deliver over 20 kilograms of cocaine to a fellow co-conspirator. (ECF No. 32, PageID.94-95.) Moreover, this is not Defendant's first serious felony conviction. Defendant previously pled guilty to assault with intent to commit great bodily harm less than murder and felony murder. (ECF No. 57, PageID 345). He was released from prison in October 2015, and less than two years later, he committed the instant offense. (*Id*.) While incarcerated for the instant offense, Defendant was also reprimanded for possessing an

4

abundance of pills, some prescribed and some unprescribed. (ECF No. 58-1, PageID.365-366)

In all, Defendant has an extensive track record of participating in serious criminal conduct. He has engaged in serious assaultive behavior in the past, and within two years of his release from prison in 2015, he was already reoffending by participating in an international drug conspiracy facilitating the spread of deadly and addictive narcotics. The court finds that the nature of Defendant's offense and his criminal history does not support the sentence modification Defendant seeks, which would substantially reduce his term of imprisonment from 120 months to twenty-four months. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant has engaged in serious criminal behavior. Release after serving under twenty-four months, or less than 20 percent, of his sentence, would not adequately reflect the seriousness of Defendant's criminal conduct. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Nor would it promote respect for the law which Defendant appears to lack. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Finally, early release would not afford just punishment for Defendant's serial lawbreaking. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). The court convicted Defendant for drug trafficking as a part of a larger conspiracy involving parties from Mexico and the United States. After serving less than twenty percent of his sentence, the court finds immediate

release woefully inadequate to ensure proper deterrence, both for Defendant and others who may consider replicating his life choices.[1] 18 U.S.C. § 3553(a)(2)(B); 18 U.S.C. § 3582(c)(1)(A). Deterrence is especially important for Defendant, who is fifty-one years old. If he does not refrain from criminal behavior and recommits upon release, he may find himself in prison for the remainder of his natural life.

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant has shown himself willing and able to engage in complex and dangerous criminal activities. The court believes that if Defendant is released at this time, there is a real possibility that he would commit more crimes, specifically by trafficking drugs. Distribution of illegal narcotics continues to present a significant risk to the community's health. Defendant's immediate release would not adequately ensure the protection of the public. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). When Defendant was sentenced, the agreed advisory guideline range was 120 to 121 months imprisonment. (ECF No. 32, PageID.96-97.) The court sentenced Defendant to 120 months imprisonment, within the guideline range. (ECF No. 52, PageID.185-191.) Because Defendant seeks to reduce his sentence by over eighty percent, the

---

[1] The court notes that on April 9, 2020, the U.S. Sentencing Commission issued a detailed report on incarceration and recidivism. United States Sentencing Commission, *Length of Incarceration and Recidivism* (2020). Analyzing data on thousands of federal prisoners, the Commission "consistently found that incarceration lengths of more than 120 months had a deterrent effect" while incarceration of sixty months or less had little to no deterrent effect. *Id.* at 4. Given that Defendant has served under twenty-four months in prison, this study bolsters the court's finding that its original sentence would more likely provide deterrence from further crime, and that the early release as proposed would not.

6

established sentencing range counsels strongly against this result. 18 U.S.C. § 3553(a)(4); 18 U.S.C. § 3582(c)(1)(A).

**"[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."** 18 U.S.C. § 3553(a)(2)(D). Defendant has a series of health issues, including heart disease, high blood pressure, chronic kidney disease, and gout. (ECF No. 54, PageID.209.)

The crux of Defendant's argument for compassionate release is that Defendant will have greater access to specialized medical services to manage his chronic conditions, including readier access to hospitals capable of performing heart surgery on an emergency basis, if he is allowed to live with his mother and daughter in Rochester Hills, Michigan. (*See* ECF No. 54, PageID.220.)

The Government responds that Defendant's own conduct has worsened his medical conditions and that, with Defendant's cooperation, his conditions can be properly managed while Defendant is incarnated. (ECF No. 57, PageID.340.) Specifically, the Government notes that on March 24, 2022, officers at the prison found a multitude of medications, both prescribed and unprescribed, in Defendant's cell (ECF No. 58-1, PageID.365-66). As a result, Health Services suggested that Defendant discontinue his participation in the medication and pill line because he was "clearly taking unauthorized prescriptions." (*Id*.) The court is not convinced that Defendant purposefully exacerbated his condition as the Government argues; nevertheless, Defendant's conduct evinces an inability to effectively self-manage his medical care. Indeed, medical records indicate that once Defendant was put under closer supervision,

7

his uncontrolled systolic blood pressure substantially improved. (*See* ECF No. 58-1, PageID.359.) Thus, the court finds that Defendant's release could actually exacerbate his current conditions. While Defendant is incarcerated, Bureau of Prisons personnel can suitably address and monitor Defendant's prescription intake to address these concerns.

The mere existence of COVID-19 also does not justify Defendant's release. The Bureau of Prisons has taken countermeasures to mitigate the spread of COVID-19. Defendant is being held at FCI Hazelton, which is currently designated as a level 2 facility. *Modified Operational Levels*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 12, 2022). As is the case, the facility is making moderate modifications to remain operational. *COVID-19 Modified Operations Plan & Matrix*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_modified_ operations_guide.jsp (last visited July 12, 2022). All areas, supplies, and equipment are cleaned daily. *Id*. Inmates with known or suspected Covid infection are provided with a face covering, testing, and medical isolation for ten days. *Id*.

The location of Defendant's confinement, FCI Hazelton, has only ten active cases of COVID-19 among prisoners. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 12, 2022). The prison houses 1,636 inmates. *FCI Hazelton*, Federal Bureau of Prisons, https://www.bop.gov/ locations/institutions/haf/ (last visited July 12, 2022).

Furthermore, Defendant is vaccinated so his risk of developing serious complications is low. (ECF No. 59, PageID.410.) The Sixth Circuit has concluded that

8

"following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). *See also United States v. McKinnie,* 24 F.4th 583, 588 (6th Cir. 2022) (citations omitted) (noting that "absent extenuating circumstances not present here, . . . the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an "'extraordinary and compelling reason' justifying a sentencing reduction"); *United States v. Sweet,* No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quotations omitted) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated").

Defendant was involved in dangerous criminal activity. He distributed substantial amounts of illegal narcotics. Possessing large amounts of drugs and hard currency procured from drug sales poses serious risks of violence and bodily harm. While in prison, Defendant is separated from his prior lifestyle. In conjunction with the medical services the federal prison system provides him, Defendant's continued incarceration supports his health and wellbeing.

Ultimately, Defendant's medical conditions and the risks of COVID-19 to Defendant while in prison do not outweigh the several § 3553(a) factors that weigh in favor of continued incarceration. Defendant's request for compassionate release will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (ECF No. 1873) is DENIED.

                                              s/Robert H. Cleland            /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: July 14, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2022, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\19-20613.SWOOPE.MotionToReduceSentence.AS.AAB.docx